Phillip L. Kossy (Bar No. 071543)
E-mail:      phillip.kossy@procopio.com
Annie Ellis (Bar No. 273107)
E-mail:      annie.ellis@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant
Fair Isaac Corporation

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN GARON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAIR ISAAC CORPORATION, dba FICO, an unknown entity, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. **'19 CV 0406 BEN BLM**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**<br><br>(FEDERAL QUESTION)<br><br>[Filed concurrently with Civil Case Cover Sheet and Fed.R.Civ.P. 7.1 Notice of Party with Financial Interest] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Fair Isaac Corporation, based on claims arising under federal law, hereby removes to this Honorable Court, the United States District Court for the Southern District of California, the state court action described below.  In removing this action, Defendant alleges as follows:

## I.      COMPLAINT FILED IN STATE COURT

1.      On September 21, 2018, Plaintiff commenced this action by filing a complaint in the Superior Court of the State of California for the County of San Diego entitled, *John Martin Garon, an individual v. Fair Isaac Corporation, dba FICO, an unknown entity, and DOES 1 through 25*, Case No. 37-2018-00047800-

CU-OE-CTL against Defendant (the "Action").  (Declaration of Phillip L. Kossy ("Kossy Decl."), ¶ 3, Ex. A.)

2.     In Plaintiff's complaint, he expressly asserts eight causes of action under California state law: (1) retaliation pursuant to **California Government Code section 12940(h)**; (2) retaliation based on use of medical leave pursuant to **California Government Code section 12945.2(1)**; (3) disability-based associational discrimination pursuant to **California Government Code section 12926(o)**; (4) failure to prevent discrimination and retaliation pursuant to **California Government Code section 12940(k)**; (5) negligent supervision; (6) wrongful termination in violation of public policy pursuant to **California Business and Professions Code section 17200**; (7) retaliation pursuant to **California Labor Code section 1102.5**; and (8) intentional infliction of emotional distress.    Notably, Plaintiff's complaint does not allege or cite to any alleged violations of federal law. (Kossy Decl., ¶ 4.)

3.     On November 20, 2018, Defendant filed its answer to Plaintiff's complaint in the state court.  (Kossy Decl., ¶ 5, Ex. B.)

4.     As of the date of this Notice of Removal, Exhibits A and B constitute all of the pleadings received or filed by Defendant in the Action.[1]  (Kossy Decl., ¶ B.)

## II.    GROUNDS FOR REMOVAL

### A.    FEDERAL QUESTION

5.     Defendant removes this Action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §§ 1441(a), 1446(b)(3).  The Action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, one that may be removed to this Court by Defendant because it is a civil action arising under the laws of the United States.  Further, 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may

---

[1] This does not include initial discovery requests and responses exchanged by the parties before this Notice of Removal.

be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant removes this Action based on the following facts.

6.      After filing its answer to Plaintiff's complaint in the San Diego Superior Court, Defendant sought initial written discovery to, among other things, ascertain clarity as to the basis for Plaintiff's various claims.  On or around December 13, 2018, Defendant served Plaintiff with an initial set of discovery requests, including the following "special" interrogatories:

"**SPECIAL INTERROGATORY NO. 4:**  Do YOU contend in the first alleged cause of action in YOUR COMPLAINT, for retaliation, that DEFENDANT violated the Family and Medical Leave Act ('FMLA')?"

"**SPECIAL INTERROGATORY NO. 6:**  Do YOU contend in the second alleged cause of action in YOUR COMPLAINT, for retaliation, that DEFENDANT violated the FMLA?"

"**SPECIAL INTERROGATORY NO. 7:**  Do YOU contend in the third alleged cause of action in YOUR COMPLAINT, for associational discrimination, that DEFENDANT violated the Americans with Disabilities Act?"

These three interrogatories were included in a set of thirty-three (33) "special interrogatories" and were accompanied by two sets of California Judicial council form interrogatories as well as a demand for production of documents.  (Kossy Decl., ¶ 7, Ex. C.)

7.      On January 29, 2019, Plaintiff served Defendant with his responses to Defendant's initial set of written discovery requests.  In response to each of the above special interrogatories, **Plaintiff's verified response was an unequivocal**

**"Yes."**  (Kossy Decl., ¶ 8, Ex. D.)

8.    Plaintiff's discovery responses served on January 29, 2019, provided Defendant with notice, for the first time, that he was asserting claims "arising under the . . . laws . . . of the United States" (violations of **29 U.S.C. § 2601 *et seq.* and 42 U.S.C. § 12101 *et seq.*).  (Kossy Decl., ¶ 8.)

## B.   <u>PROCEDURALLY CORRECT</u>

9.    Defendant timely filed this Notice of Removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" (i.e., Plaintiff's discovery responses served and received on January 29, 2019.   (Kossy Decl., ¶ 8.)   28 U.S.C. § 1446(b)(3).

10.    Federal case law further supports Defendant's removal on this basis. *See generally, Barnes v. Foster Wheeler Corp.*, Civ. No. 13-1285 (JBS-JS), 2013 WL 2649793 (D.N.J. June 11, 2013) (finding timely notice of removal filed within 30 days of receipt of party's discovery responses providing notice of "plausible federal contractor defense"); *Maguire v. A.C. & S., Inc.*, F. Supp. 3d 323 (S.D.N.Y. Nov. 21, 2014) (stating that interrogatory responses placed defendant "on notice that the case was removable"); *see also, Camden Indus. Co., Inc. v. Carpenters Local Union No. 1688 etc.*, 246 F. Supp. 252 (S.D.N.Y. 1965) (finding same under similar facts).

11.    Pursuant to 28 U.S.C. § 1446(a), Defendant is filing this Notice of Removal in the United States District Court for the Southern District of California, located in the County of San Diego.  This is the proper district for removal because the Action is pending in the Superior Court of the State of California for the County of San Diego.

## III.   NOTICE TO ALL PARTIES AND STATE COURT

12.   In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on counsel for Plaintiff, and also filed with the Clerk of the Superior Court of California, County of San Diego, Central Division.  All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## IV.   CONCLUSION

Defendant respectfully gives notice that the Action now pending in the Superior Court of California, County of San Diego, is hereby removed to this United States District Court, Southern District of California.

DATED: February 28, 2019                    PROCOPIO, CORY, HARGREAVES &
                                             SAVITCH LLP


                                   By:  */s/* Phillip L. Kossy
                                             Phillip L. Kossy
                                             Annie Ellis
                                             Attorneys for Defendant Fair Isaac
                                             Corporation