

FILED
JUL 01 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN GARON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAIR ISAAC CORPORATION, dba FICO, an unknown entity, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.: 3:19-cv-0406-BEN-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>**[Doc. 11]** |

Plaintiff John Martin Garon moves this Court to remand this matter back to the California Superior Court for lack of subject matter jurisdiction and for fees and costs incurred due to removal. The motion is GRANTED as to remand and DENIED as to Plaintiff's request for fees and costs.

**I.  DISCUSSION**

On September 21, 2018, Plaintiff John Martin Garon filed his Complaint in California Superior Court for eight California state law claims arising out of his employment with Defendant Fair Isaac Corporation, dba FICO. Among those claims, Plaintiff brings suit for: (1) retaliation pursuant to California Government Code § 12940(h); (2) retaliation based on use of medical leave pursuant to California Government Code §

1

12945.2(1); and (3) disability-based associational discrimination pursuant to California Government Code § 12926(o).

On February 28, 2019, Defendant removed this action under 28 U.S.C. § 1331 federal question jurisdiction, contending that Plaintiff's discovery responses served on January 29, 2019 provided Defendant with notice, for the first time, that Plaintiff was asserting claims arising under the laws of the United States. *See* 28 U.S.C. § 1331. Specifically, Defendant points to three interrogatories it served on Plaintiff:

> **Special Interrogatory No. 4:** Do you contend in the first alleged cause of action in your Complaint, for retaliation, that Defendant violated the Family and Medical Leave Act ('FMLA')?
>
> **Special Interrogatory No. 6:** Do you contend in the second alleged cause of action in your Complaint, for retaliation, that Defendant violated the FMLA?
>
> **Special Interrogatory No. 7:** Do you contend in the third alleged cause of action in your Complaint, for associational discrimination that Defendant violated the Americans with Disabilities Act?

In response to each interrogatory, Plaintiff offered objections and answered "Yes." Plaintiff now moves to remand for lack of subject matter jurisdiction and for the fees and costs incurred as a result of Defendant's removal.

**A. Removal**

Under 28 U.S.C. § 1441(a), an action may be removed to the federal district court when "the district courts of the United States have original jurisdiction." "Generally speaking, a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009). Courts strictly construe the removal statute against removal jurisdiction. *See, e.g., Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, "[a] defendant seeking removal has the burden to establish that removal is proper," *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008), and "[a]ny doubt about the right of removal

requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Normally, a defendant must seek removal within thirty days of the initial pleading. Here, Defendant did not do so. Defendant contends removal is still timely, however, under § 1446(b)(3), which provides that, where the initial pleading does not indicate the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

As the parties appear to agree, Plaintiffs' initial pleading filed in state court did not, on its face, allege any claims arising under federal law.[1] Indeed, each of the eight claims' titles and headings identify violations of a specific California law. Thus, the usual 30-day deadline from the time Plaintiff served Defendant with his Complaint does not apply. Rather, the Court's jurisdiction turns on whether Plaintiff's interrogatory answers constitute "other paper from which it [could be] first ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). Thus, the Court must determine whether Plaintiff's case became removable at the moment he responded "yes" to three interrogatories, which asked if Plaintiff contended that Defendant's conduct violated two federal statutes, the ADA and FMLA. The Court finds it did not.

"In the Ninth Circuit, discovery responses . . . can [constitute 'other paper' that] trigger[s] the thirty day removal period in certain actions, mainly diversity cases and federally preempted claims." *Williams v. Hilarides*, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012) (citing cases). For example, "[w]here it is not clear on the face of a state complaint that diversity jurisdiction exists, subsequent discovery responses can affirmatively reveal the existence of such jurisdiction by . . . disclosing that the amount in

---

[1] Notably, this action does not implicate diversity jurisdiction because both parties are domiciled in California.

3

3:19-cv-0406-BEN-BLM

controversy is sufficient." *Id.*; *see also, e.g., Carvalho v. Equifax Information Svcs., LLC*, 629 F.3d 876 (9th Cir. 2010) (deposition testimony can constitute "other papers" when defendant is able to reasonably determine for first time that the amount in controversy was sufficient for diversity jurisdiction). In much the same way, discovery responses may make clear to the defendant that a state claim is preempted by federal law, necessitating removal. *Id.*; *see also, e.g., Regents of Univ. of California v. Aisen*, 143 F. Supp. 3d 1055, 1056 (S.D. Cal. 2015) (denying motion to remand because plaintiff's alleged state law claims necessarily raised federal issues under the federal Copyright Act and the Act's work-for-hire doctrine over which federal courts have exclusive jurisdiction).

"In both diversity and preemption situations [triggered by "other paper,"] the defendant is aware of the claims asserted against it, and the information learned through 'other papers' simply clarifies whether the claims *already asserted* can be heard in a federal forum." *Williams*, 2012 WL 2339335, at *2 (emphasis in original). In contrast, in the case here of an alleged federal question claim, "a discovery response does not unequivocally convey to a defendant that a claim, not pled in the operative complaint, is now asserted against it." *Id.* As already noted, the parties appear to agree that the original Complaint was not removable because it contained only state law claims. Although Plaintiff's discovery responses reflect his belief that Defendant's conduct also violated the FMLA and ADA, the claims Plaintiff asserted in his Complaint have not changed.[2] *See id.* In other words, "[b]ased on longstanding fundamental legal principles, such an assertion made only in discovery does not automatically translate into a claim for relief." *Id.* Similarly, Plaintiff's reference to taking a "Family Medical Leave" to show violation of California law does not convert his claims into federal ones. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("[M]ere use of a federal statute as a predicate for a state law

---

[2] As Plaintiff emphasizes, the interrogatory asks whether Plaintiff *contends* the federal statutes were violated, not whether he *alleges* such violations in her Complaint as causes of action. [Doc. 11-1 at p. 3.]

4

cause of action does not necessarily transform that cause of action into a federal claim."). Finally, the fact that Plaintiff *could* bring ADA and FMLA claims does not mean he *must* bring those claims. Strategic reasons exist for a plaintiff to choose not to bring a particular claim, including a plaintiff's desire to avoid removal.

As discussed above, jurisprudence from within the Ninth Circuit makes clear that interrogatory responses can be "other paper" under 28 U.S.C. § 1446(b)(3). *See Williams*, *supra*. It is also clear that interrogatory responses can provide a reasonable basis for removal where the responses clarify (1) that the amount in controversy is satisfied for diversity purposes or (2) that a claim is federally preempted, thereby invoking federal question jurisdiction. What is not clear, however, is whether interrogatory responses can be used to show that a Complaint's state law claims are, in fact, federal law claims in sheep's clothing to establish "beyond a doubt" that federal question jurisdiction exists. Nonetheless, that is Defendant's theory. Defendant does not argue that Plaintiff's "other paper" reveals the existence of either diversity jurisdiction or a federally preempted claim. Rather, Defendant theorizes that the "other paper" reveals that Plaintiff's Complaint, which asserts state law claims on its face, surreptitiously alleges claims arising under two federal statutes, the FMLA and ADA.

Consistent with the face of Plaintiff's Complaint, which identifies the California statute under which each of Plaintiff's claims is brought, Plaintiff contends that he brings only state law claims, not FMLA or ADA claims. Despite Defendant's unusual attempt to show federal jurisdiction in this manner, Defendant does not offer any on-point authority. Instead, Defendant's few cited authorities are distinguishable and do not support removal. For example, there is no independent diversity jurisdiction basis for Plaintiff's state law claims. *Cf. Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (reversing district court's remand of case after plaintiff's dismissal of sole federal claim by finding that district court still had authority over state law claims under alternative diversity jurisdiction ground). Defendant does not remove under 28 U.S.C. § 1442, which "provides an exception to the well-pleaded complaint rule" and permits removal of non-federal suits

against federal officers by finding the federal question element to be "met if the defense depends on federal law." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 327 (S.D.N.Y. 2014). *Cf. Maguire* 73 F. Supp. 3d at 327 (denying motion to remand where plaintiff's discovery answers first revealed the availability of the federal government-contractor defense); *Barnes v. Foster Wheeler Corp*, 2013 WL 2649793 (D.N.J. June 11, 2013) (same). Finally, Defendant does not assert that Plaintiff's claims are cognizable under the Labor Management Relations Act, 29 U.S.C. § 185, which confers original jurisdiction to federal courts over actions to compel arbitration of labor disputes. *Cf. Camden Industries Co. v. Carpenters Local Union*, 246 F. Supp. 252 (D.N.H. 1965) (denying motion to remand where plaintiff's interrogatory answers indicated plaintiff was in an industry affecting commerce, thereby implicating 29 U.S.C. § 185).

Likewise, the Court has not located any authority supporting removal under the facts of this case. Indeed, to apply Defendant's approach "would be to invite defendants to remove at any whiff of a claim, and deprive plaintiffs of their role as masters of their complaint." *Williams v. Hilarides*, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012). As the Central District of California explained when faced with a similar removal theory:

> The rule Plaintiff would have this Court adopt is contrary to the type of bright-line rule announced by the Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In federal question cases, the lack of a clear rule as to when the time period for removal begins is necessary to avoid gamesmanship and inconsistencies in removed actions. For example, if a defendant removes based on discovery answers, a plaintiff can convincingly argue that removal was improper because a federal claim was not alleged in the operative pleading. Such an unclear rule will also force a defendant to guess as to whether a discovery response could lead to a federal claim. In dual jurisdiction cases, defendants are entitled to rely on the allegations in the operative complaint, and the Court's finding [denying remand] is consistent with this principle.

*Williams*, 2012 WL 2339335, at *2.

The Court's review of authorities outside of this Circuit reflect a similar conclusion. *See, e.g., Zawatsky v. Jeddo Stars Athletic Ass'n*, 2017 WL 4778541 (M.D. Pa. Oct. 23,

2017). "Only in rare circumstances have courts used the 'other paper' doctrine to find federal question jurisdiction." *Id.* at *4. Such "rare circumstances include when an ambiguous existing claim is clarified by later papers or when the 'other paper' clarifies that a plaintiff's state law claim is one that would be preempted by federal law." *Id.* (internal citations and quotation marks omitted). As already discussed, there is no federal preemption issue. As to those "rare circumstances" under which the "other paper" clarified that an ambiguous existing claim arose under federal law, *Efford v. Milam*, 368 F. Supp. 2d 380 (E.D. Pa. 2005), offers one example. In *Efford*, the praecipe stated only that defendants were being sued and did not provide any factual or legal basis for the lawsuit or any basis that would support federal question jurisdiction. The defendant then removed within 30 days of receiving a letter from plaintiff, which stated plaintiff's counsel's belief that the facts supported a "civil RICO claim," including describing the facts relevant to each of the RICO elements. The Eastern District of Pennsylvania held removal was appropriate because the letter was "other paper" that first made it "unequivocally clear and certain to defendants" that a claim arose under federal law, where it was not clear before. *Id.* at 386.

The instant case, however, does not present such "rare circumstances."[3] In contrast to *Efford* where the defendant had no knowledge of the basis for the plaintiff's lawsuit or

---

[3] Although not raised by the parties, the Court also notes that this matter does not fit within that "special and small category" of exceptional cases in which the resolution of a complaint necessarily requires application of federal law, thereby providing federal jurisdiction over a state law claim. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Plaintiff's state law claims do not "necessarily raise[]" a federal issue, and a federal issue is not "actually disputed." *Cf. JustMed v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (holding the complaint's state law claims against an ex-employee necessarily raised a federal issue sufficient to provide federal question jurisdiction because the ex-employee's rights in the

7

1   what type of claims the plaintiff alleged, Plaintiff's Complaint pleads specific causes of
2   action under specific California laws and pleads facts in support. Also unlike *Efford*,
3   Plaintiff's discovery responses do not make "unequivocally clear" that Plaintiff's state law
4   claims are, in fact, federal claims under the FMLA or ADA. Rather, Plaintiff maintains
5   that he brings only state law claims, a position that is consistent with the face of his
6   Complaint, which identifies the California statutes under which each of his claims is
7   brought.

To remove this case based on a federal question, Defendant must show that Plaintiff's state law claims "arise under" federal law. Defendant does not argue, *per se*, that Plaintiff's state law claims "arise under" the FMLA or ADA; instead, it argues without support that Plaintiff has actually alleged federal FMLA and ADA claims, not state law claims, by pointing to Plaintiff's interrogatory responses. Those discovery responses, however, fall short of supplying the necessary "reasonable basis for removal" because they do not "unequivocally convey" that Plaintiff's Complaint actually asserts federal claims. Accordingly, Defendant has not established any reasonable basis for removal, let alone satisfied its burden of establishing a basis for removal without "any doubt." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

### B. Costs

Plaintiff also moves for attorneys' fees. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Fees may be awarded only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When this requirement is met, whether to award fees is within the discretion of the court. *See id.* at 139. Here, whether Defendant had an objectively reasonable basis for removal of the case is a close question.

---

computer software he created during employment could only be determined by looking to the federal Copyright Act's work-for-hire doctrine).

8

Nonetheless, the Court finds Defendant seemingly acted in good faith. Therefore, in its discretion, the Court DENIES Plaintiff's requests for fees and costs incurred as a result of the removal.

## II. CONCLUSION

Plaintiff's motion to remand is GRANTED IN PART AND DENIED IN PART. For the previous reasons, the action is REMANDED to the California Superior Court, County of San Diego for all further proceedings. Plaintiff's request for fees is DENIED.

**IT IS SO ORDERED.**

DATED: June 20, 2019

HON. ROGER T. BENITEZ
United States District Judge